UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YOHANA SHIMONOV,
On behalf of plaintiff and class,

        Plaintiff,     **REPORT AND RECOMMENDATION**

 -against-           18-CV-06719 (ENV) (ST)

FRONTLINE ASSET STRATEGIES, LLC;
GROSSMAN & KARASZEWSKI, PLLC;
and JH PORTFOLIO DEBT EQUITIES, LLC,

        Defendants.
-----------------------------------------------------------X
**STEVEN L. TISCIONE, United States Magistrate Judge:**

  Plaintiff Yohana Shimonov, individually and on behalf of a putative class, brought this action against Defendants Frontline Asset Strategies, LLC ("Frontline"), Grossman & Karaszewski, PLLC ("G&K"), and JH Portfolio Debt Equities, LLC ("JHP") alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. ECF No. 1 ("Compl."). Defendant Frontline filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 42. On September 18, 2019, the Honorable Eric N. Vitaliano referred the motion to me for a Report and Recommendation ("R&R"). For the reasons described below, I respectfully recommend that Defendant Frontline's Motion to Dismiss be denied.

## FACTUAL BACKGROUND

  Unless otherwise indicated, all statements in this section are based on allegations in the Complaint and exhibits attached thereto. Plaintiff alleges that Defendants sent, or arranged to send, debt collection letters to Plaintiff containing false and misleading information in violation of the FDCPA (15 U.S.C. §§1692e, 1692g). *See* Compl. ¶ 28, Exs. A-C. The debt ("Debt")

1

originates from a personal credit card charged off by the original creditor, Citibank, N.A. *Id*. Subsequently, the Debt account was acquired by Defendant JHP, a debt collector who hired other debt collectors — Defendant Frontline, Defendant G&K, and Mandarich Law Group, LLP ("Mandarich"). *See* Compl. ¶¶ 11, 13, 15-17, 27, 29, 32, 36, 43.

*Frontline Letter*

On December 7, 2017, Defendant Frontline sent a debt collection letter ("Frontline Letter") to Plaintiff stating the following:

> Charge Off Date: 08/07/2017
> Total Amount Due: $20,551.01
> Last Pay Date: 08/21/2017
> Total Due as of Charge-off: $20,655.87
> Total Interest Accrued Since Charge-off: $301.17
> Total non-interest Charges or Fee Accrued Since Charge-off: $356.36
> Total Paid on Debt Since Charge-off: $0.00

Compl. ¶¶ 25-33, Ex. A (Frontline's Letter dated Dec. 7, 2017). In the body of the letter, it is written, "[a]s of the date of this letter, you owe $20,551.01." *Id*. Frontline admits that interest was *not* accruing on the Debt at the time this letter was sent, or anytime thereafter. Defendant's Mem. of L. in Supp. Of Mot. to Dismiss ("Def.'s Br.") 5, ECF No. 42-1 ("interest was not accruing on the Debt at the time Frontline sent the Letter or thereafter").

*G&K Letter*

On April 13, 2018, Defendant G&K sent a debt collection letter to Plaintiff ("G&K Letter") stating the following:

> Current Creditor: JH Portfolio Debt Equities, LLC
> Original Creditor: CITIBANK N.A.
> Total Amount Due as of Charge Off: $20,655.87
> Total Amount of Interest Accrued Since Charge Off: $0.00
> Total Amount of Non-Interest Charges or Fees Accrued Since Charge Off: $356.36
> Total Amount of Payments Made on Debt Since Charge Off: $104.86
> Date of Last Payment: 08/21/2017
> Balance: $20,551.01

2

Compl. ¶¶ 36-40, Ex. B (G&K Letter dated Apr. 13, 2018).

*Mandarich Letter*

On November 10, 2018, Mandarich sent a collection letter ("Mandarich Letter") stating the following:

> Current Creditor: JH Portfolio Debt Equities, LLC
> Original Creditor: CITIBANK N.A.
> Total Amount Due as of Charge Off: $20,655.87
> Total Amount of Interest Accrued Since Charge Off: $0.00
> Total Amount of Non-Interest Charges or Fees Accrued Since Charge Off: $0.00
> Total Amount of Payments And/Or Credits Since Charge Off: $104.86
> Date of Last Payment: 08/21/2017
> Current Balance: $20,551.01

Compl. ¶ 43, Ex. C (Mandarich's Letter Dated November 10, 2018). Plaintiff does not claim that Mandarich's Letter violated the FDCPA. Pl.'s Br. 2, 8. Mandarich is not named as a defendant in this law suit.

## LEGAL STANDARDS

### A. Motion to Dismiss

Upon a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint states a legally cognizable claim by making allegations that, if proven, would show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint successfully states a claim when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

There are "'[t]wo working principles'" that guide this analysis: "First, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-

3

moving party,'" and "'[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and this determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Giambrone v. Meritplan Ins. Co.*, 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (quoting *Iqbal*, 556 U.S. at 678, 679), *adopted by*, 2017 WL 2303507 (E.D.N.Y. May 24, 2017). Although this Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference. *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995).

### B. FDCPA

"The FDCPA is a strict liability statute[.]" *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134 (2d Cir. 2017). Owing to the FDCPA's remedial nature, courts must construe its terms in a "liberal fashion if the underlying Congressional purpose is to be effectuated." *Id*. (quoting *Vincent v. Money Store*, 736 F.3d 88, 98 (2d Cir. 2013).

The Complaint alleges violations of sections 1692e and 1692g of the FDCPA. ¶¶ Compl. 44-48. Section 1692e makes it unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. "The false representations that are explicitly forbidden include the false representation of the character, amount, or legal status of any debt[.]" *Homa v. GC Servs. Ltd. P'ship*, No. 2:17-cv-1661 (DRH) (AYS), 2018 U.S. Dist. LEXIS 166708, at *9 (E.D.N.Y. Sep. 27, 2018) (internal citations and quotations omitted). Moreover, Section 1692g requires that a debt collector effectively notify consumers of the following information in its initial communication:

> "(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

4

and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. §1692g(a). A debt collector violates Section 1692g when "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017).

The Second Circuit has adopted the "least sophisticated consumer standard" to determine liability under both §1692g and §1692e of the FDCPA. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (holding that when determining whether a debt collector has violated the notice requirements under §1692g, the court considers how the "least sophisticated consumer" would interpret the notice); *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) ("in considering whether a collection notice violates Section 1692e, we apply the 'least sophisticated consumer' standard."). In applying this standard, "we ask how the least sophisticated consumer — one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer — would understand the collection notice." *See e.g.*, *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 75 (2d Cir. 2016) (internal quotation marks omitted). Pursuant to this standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Id*. (internal quotation marks omitted). Under the objective least sophisticated consumer standard, "it is not necessary for a plaintiff to show that [he himself] was confused by the communication [he] received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013).

In addition, "the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Id*. Its purpose is to protect "unsuspecting consumers from unscrupulous debt collectors," while "ensur[ing] that debt collectors are not held liable for unreasonable misinterpretations of collection notices." *Id*.

## DISCUSSION

Plaintiff alleges that Frontline's collection letter "fail[s] to coherently state the amount of the debt, as required [under FDCPA]" and misleads a least-sophisticated-consumer to believe that the amount of the Debt is increasing by stating that interest and fees are accruing. *See* Compl. ¶¶ 42, 45, 46. Defendant Frontline argues that the alleged statements are neither material nor deceptive, and thus, not actionable. Def.'s Br. 9-14.[1]

To determine whether a misrepresentation is material under §1692e of the FDCPA, courts focus on "whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Cohen*, 897 F.3d at 86. Here, I note two portions of the Frontline Letter which is relevant to the materiality inquiry. First, Frontline's Letter affirmatively states that interests and fees have accrued in the amounts of $301.17 and $356.36 since charge-off. *Id*.

---

[1] Frontline's motion to dismiss appears to be solely focused on materiality which goes to Plaintiff's Section 1692e claim, and does not contain any separate arguments regarding Plaintiff's 1692g claim. *See Eun Joo Lee*, 926 F. Supp. 2d at 488 (holding that the materiality requirement only apples to Section 1692e and Section 1692f claims, but not to Section 1692g); *see also Avila*, 817 F.3d at 76 (noting that Sections 1692e and 1692g have different aims and require different disclosures). Nonetheless, since I find that the Complaint sufficiently alleges that the explicit misstatement regarding the fees and interests in Frontline's Letter were materially misleading so as to state a claim under 1692e, I also find that the alleged violations of Section §1692g should be sustained on grounds that it fails to provide the least-sophisticated-consumer with information regarding the amount of debt he owes, and omits accurate "explanation of any fees and interest that will cause the balance to increase." *See Carlin*, 852 F.3d at 216.

Second, Frontline's Letter states two different 'total due' amounts: "Total Amount Due: $20,551.01" and "Total Due as of Charge-off: $20,655.87." Compl. ¶¶ 25-33, Ex. A (Frontline Letter).

Frontline affirmatively misstates the "Total Interest Accrued" and "Total non-interest Charges or Fee Accrued" in respective amounts of $301.17 and $356.36; this distinguishes the instant Complaint from *Avila*, *Taylor* and the progeny of cases that Frontline relies upon. *See* Def.'s Br. 5 (conceding that "interest was not accruing on the Debt at the time Frontline sent the Letter or thereafter."); *see e.g.*, *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212 (2d Cir. 2018).

In both *Avila* and *Taylor*, the Second Circuit was asked to determine whether a debt collector is obligated to affirmatively disclose whether or not interest and fees are accruing on a debt. *See id.*; *Avila*, 817 F.3d 72. In *Avila*, the Second Circuit held that when the debt is *dynamic* and interest and fees are accruing at an exorbitant rate, debt collectors *are* obligated to affirmatively disclose interests and fees along with the current balance. *Avila*, 817 F.3d 72. The *Avila* Court sought to protect consumers who would be "misled into thinking payment of the current balance would satisfy the debt, when in fact interest and fees had accrued after the letter was sent." *See Kidd v. Midland Credit Mgmt.*, No. 17-CV-1208 (RRM) (AKT), 2019 U.S. Dist. LEXIS 167082, at *8 (E.D.N.Y. Sep. 27, 2019) (citing *Avila*, 817 F.3d 72, 76). Then, in *Taylor*, the Second Circuit was asked whether a debt collector must affirmatively disclose that interest and fees are *not* accruing on an account, when the debt is *static*. *See Taylor v. Fin. Recovery Servs.*, 886 F.3d 212 (2d Cir. 2018). The Court opined that where "a collection notice *correctly states* a consumer's *balance without mentioning interest or fees*, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e." *Id.* at 215 (emphasis added). The court in *Taylor* thereby rejected the idea that "a debt collector

7

commits a *per se* violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt." *McAdams v. Stoneleigh Recovery Assocs., LLC*, No. 16-CV-5517 (JMA) (GRB), 2018 U.S. Dist. LEXIS 225700, at *5 (E.D.N.Y. Sep. 27, 2018) (citing *Taylor*, 886 F.3d at 213). However, this does *not* mean that *Taylor* created a *per se* liability shield whenever a debt is static — which is essentially what Frontline argues here. Defendant's Reply Mem. of L. In Further Support of Mot. to Dismiss ("Def.'s Reply Br.") at 5, ECF No. 42-3 (citing *Taylor*, 2018 U.S. App. LEXIS 7899 at *6).

As previously explained, the alleged facts in the instant Complaint are distinguishable from *Taylor*, in that Frontline's Letter includes affirmative misstatements about interest and non-interest fees accruing on the Debt, when the debt is actually static. *See* Compl. Ex. A; Def.'s Br. 3, 5.[2] The FDCPA protects consumers from such false or exaggerated representations regarding the accrual of interests and fees. *See Ortiz v. Advanced Call Ctr. Techs., LLC*, 388 F. Supp. 3d 236, 241 (E.D.N.Y. 2019) ("a statement that interest may accrue is misleading if it cannot or will not accrue."). "As this Court has noted before, a letter which informs a debtor that the debt is accruing interest when it actually is not may be materially misleading[,] because it could induce the debtor [to] pay that debt in lieu of another debt she knows is accruing interest at some lower

---

[2] For this reason, the post-*Taylor* cases cited by Defendant— *Hussain* and *Gissendaner* — lend little support to Defendant's argument. See Def.'s Reply Br. 6-7. Those cases are factually aligned with *Taylor*, in that they involved collection letters *without* any mention of interests and fees, and the underlying debt was static. *See Hussain v. Alltran Fin., LP*, No. 17-cv-3571-ARR-CP, 2018 U.S. Dist. LEXIS 57715, at *3 (E.D.N.Y. Apr. 4, 2018) ("[p]laintiff alleges that the collection letter is misleading under § 1692e. Because the letter does not state whether any interest is accruing"); *Gissendaner v. Enhanced Recovery Co., LLC*, No. 6:18-cv-06158(MAT), 2018 U.S. Dist. LEXIS 206321, at *8 (W.D.N.Y. Dec. 6, 2018) ("Here, the Collection Notice received by Plaintiff correctly stated his balance without mentioning interest or fees.") (internal citation and quotation marks omitted).

rate." *Medzhidzade v. Capital Mgmt. Servs.*, LP, No. 17-cv-6452 (BMC), 2018 U.S. Dist. LEXIS 73428, at *8 (E.D.N.Y. Apr. 30, 2018).[3]

Frontline appears to argue that any misstatements regarding interests and fees has been cured since its letter correctly states the "Total Amount Due." Def.'s Br. 11-12. I find that this potentially adds more confusion than it cures, due to the fact there are two different 'total due' amounts stated in Frontline's Letter: "Total Amount Due: $20,551.01" and "Total Due as of Charge-off: $20,655.87." Compl. ¶¶ 25-33, Ex. A. This factual scenario bears close resemblance to that in *Garcia v. Law Offices Howard Lee Schiff, P.C.*, a case decided by a district court in this Circuit. No. 3:16-cv-791 (VAB), 2019 U.S. Dist. LEXIS 137794, at *9 (D. Conn. Aug. 15, 2019). There, the plaintiff received a collection letter stating two balances — "Charge-off balance" in the amount of $663.94, and "Balance/Current Balance" listed in the amount of $565.46 — of which only one was correct. *Id.* The Court concluded, "[w]hile the two different balances, on their own, might confuse the least sophisticated consumer, it is the lack of an explanation for the different balances and the relevant industry terminology that is sufficiently misleading." *Id*. at 12.

Similar to the letter in *Garcia*, Plaintiff would have to search in vain for an explanation as to why the stated "Total Amount Due" is lower than the "Total Due as of Charge-off" by a gap

---

[3] Frontline argues, "[b]ecause there is no *Avila* language in Frontline's dunning letter, *Medzhidzade* is inapposite." Def.'s Reply Br. 4. Although there are factual distinctions, the import of *Medzhidzade* leaves me with clear guidance in reaching the outcome of the instant case. In *Medzhidzade*, the plaintiff alleged that the mere inclusion of the safe-harbor language may indirectly suggest — or at the very least, create the ambiguity — that the debt may increase over time. Here, Frontline's Letter clearly and unambiguously states that there are interest and fees of $301.17 and $356.36 in connection with the Debt. Therefore, following the reasoning in *Medzhidzade*, we would be compelled to find that Frontline's Letter was materially misleading.

of $114.86, especially since Frontline's Letter states that no repayment had been made.[4] *See* Compl. Ex. A. Therefore, I find it plausibly alleged that this portion of Frontline's Letter may impede Plaintiff's understanding as to the total amount of his Debt, and potentially influence Plaintiff's actions. *See Garcia*, 2019 U.S. Dist. LEXIS 137794, at *12 (holding that the collection letter was materially misleading where "[t]he Charge-off Balance exceeded the actual debt owed by nearly one-hundred dollars" and "[t]his misstatement could influence a consumer to delay payment.") (internal citations and quotations omitted); Compl. ¶¶ 34, 45.

Taking together the cocktail of the misstated interest, fees and inconsistently stated 'total due' amounts, I find it plausible that Frontline's Letter was materially misleading. *See* Compl. Ex. A. Specifically, the Frontline Letter may have misled the least-sophisticated-Plaintiff (and those similarly-situated) to believe that his Debt is increasing and misinformed him about the total amount of his debt. *Id*. ¶¶ 42, 45, 46; *see Avila*, 817 F.3d at 75 ("a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate.") (internal citations omitted). Therefore, I find that Plaintiff has successfully stated a claim under the FDCPA.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendant Frontline's Motion to Dismiss be denied.

---

[4]   Frontline argues that the subsequent letter sent by Mandarich on April 13, 2018 should have eliminated Plaintiff's confusion regarding the Debt. Def.'s Br. 13. Such inference cannot be drawn from the alleged facts at this stage. Even if we were to assume this to be true, "subsequent clarifying letters" do not "absolve defendant from having violated the statute with the [initial] letter." *Islam v. Am. Recovery Serv.*, No. 17-cv-4228 (BMC), 2017 U.S. Dist. LEXIS 180415, at *11-12 (E.D.N.Y. Oct. 30, 2017).

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                          /s/
                                          Steven L. Tiscione
                                          United States Magistrate Judge
                                          Eastern District of New York

Dated: Brooklyn, New York
        January 15, 2020